Argued and submitted October 31, 1984, affirmed January 23, 1985

## The OREGON BANK,
*Respondent,*

*v.*

## HAWKINS,
*Appellant.*

(83-180-NJ-3; CA A31053)

693 P2d 1321

William A. Fowler, Medford, argued the cause for appellant. With him on the brief was Heffernan, Fowler, Alley & McNair, Medford.

Carlton D. Warren, Portland, argued the cause for respondent. On the brief was James P. Laurick, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant Hawkins appeals from a judgment entered in a judicial foreclosure of a trust deed, contending that the trial court erred in holding that plaintiff is entitled to a deficiency judgment against him under ORS 86.770(3) (*since amended by* Or Laws 1983, ch 719, § 8). We affirm.

On November 27, 1981, defendant Economy Self Storage No. 3, a joint venture comprised of defendant Richard Hawkins, Lock Piatt, Kenneth Joyner, Lee Couch and Richard Farrell, borrowed $560,000 from plaintiff for the construction of a mini-storage facility. The loan was evidenced by a promissory note and secured by a trust deed signed by each of the joint venturers. After receiving the loan proceeds, the joint venture constructed a storage facility that included an apartment in which defendant Hawkins took up residence. In December, 1982, the joint venture defaulted on its obligation to make monthly payments on the note. Plaintiff brought this action to foreclose its security interest in January, 1983.

Plaintiff moved for summary judgment, contending that the instrument sought to be foreclosed was a "commercial trust deed" within the meaning of ORS 86.770(4) (*since amended by* Or Laws 1983, ch 719, § 8) and, therefore, that it was entitled to a deficiency judgment pursuant to ORS 86.770(3). Defendant Hawkins argued that, because he occupied an apartment on the premises, the instrument could not be considered a "commercial trust deed" as to him. The trial court disagreed and granted plaintiff's motion for summary judgment. It entered a judgment of foreclosure in the amount of $531,811.50, plus costs and interest, authorized execution of that judgment and provided for execution on any amount of the judgment not satisfied by the sale of the property. The only question before us is whether the trial court properly granted plaintiff the right to a deficiency judgment against defendant Hawkins.

At the relevant time, ORS 86.770(3) and (4) provided:

"(3)  Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, following any sale under judicial foreclosure, the beneficiary may bring actions, suits and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for

any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.

"(4)  As used in this section, 'commercial trust deed' means a trust deed covering real property which, at the time of entry of the decree foreclosing the trust deed, is not occupied by the grantor, the grantor's spouse or the grantor's child as the primary residence of such person."

The trial court concluded that the instrument sought to be foreclosed was a "commercial trust deed," because the residence on the property merely was incidental to the operation of a business. Although we agree with Hawkins' assertion that ORS 86.770(4) does not condition noncommercial status on whether residency is incidental to some other purpose, we nevertheless conclude that the trial court properly characterized the deed in question as "commercial" within the meaning of ORS 86.770(4).

■      ORS 86.705 (*since amended by* Or Laws 1983, ch 719, § 1) defined "grantor," as it then was used in ORS 86.770, as "the person conveying real property by a trust deed as security for the performance of an obligation." That the legislature intended to exempt only *individuals* from the effect of ORS 86.770(3) is further evidenced by its mention of a grantor's spouse or child in the definition of "commercial trust deed."

Although each of the joint venturers executed the note and trust deed, they clearly did so in their capacity as "venturers," not individuals. By definition, a joint venture is a *group of individuals* who jointly undertake a commercial enterprise. *See Walls v. Gribble,* 168 Or 542, 545, 124 P2d 713 (1942). Because the loan was made to Economy Self Storage No. 3, it, and not any particular individual, was "*the* grantor" for the purposes of ORS 86.770(3) and (4).

Affirmed.